## THOMAS FILLEBROWN *vs.* SOLOMON R. WEBBER *et al.*

*Mem.—Weston C. J.,* being a relative of one of the parties, did not sit in the hearing and determination of the case.

Where in an action of *trespass, qu. cl.,* brought before a Justice of the Peace, the defendant pleads only the general issue, and the action is carried by appeal to the Court of Common Pleas, he cannot there file a brief statement of soil and freehold, or give any evidence, which may bring the title to real estate in question.

And if evidence of title be permitted to be given, and the instructions in relation thereto are erroneous, they are irrelative to the issue, and furnish no cause for a new trial.

EXCEPTIONS from the Court of Common Pleas, *Smith J.* presiding.

This was an action of *trespass* for breaking and entering the plaintiff's close in *Hallowell.* The action was originally brought before the Municipal Court of *Hallowell,* having the same jurisdiction in civil actions, as a Justice of the Peace. The general issue only, not guilty, was pleaded. The Municipal Court rendered judgment in favor of the plaintiffs, from which judgment the defendants appealed. At the trial of the action in the Court of Common Pleas, the defendants offered to file a brief statement, asserting title in one of the defendants, and annex the same to the plea. The Judge ruled, that as the brief statement was not filed in the Court below, that it could not then be filed in the Court of Common Pleas. The defendants then offered evidence, which, they contended, showed title in one of the defendants, but which

the Judge ruled was not sufficient in law for that purpose. The defendants excepted to the rulings of the Court, in several particulars; but the opinion of the Court renders it unnecessary to state any but the first.

The case was argued in writing.

*Wells,* for the defendants, contended, that the brief statement ought to have been received, and cited *st. of* 1831, *c.* 514; *Hodgdon* v. *Foster,* 9 *Greenl.* 113.

*Emmons,* for the plaintiff, contended, that the common law right to give soil and freehold under the general issue, was taken away by the *statute of* 1821, *c.* 76, § 11, a transcript of the statute of *Massachusetts* on that subject, in actions originally commenced before a Justice of the Peace. *Lynch* v. *Rosseter,* 6 *Pick.* 419; *Pitman* v. *Flint,* 10 *Pick.* 504.

The *st. of* 1831, *c.* 514, merely substitutes the brief statement for a special plea.

The opinion of the Court was drawn up by

SHEPLEY J. — The first question presented in this bill of exceptions is, whether the Judge presiding at the trial, improperly refused to allow the defendants to file a brief statement, alleging title in one of them. The *statute* of 1821, prescribing the power of Justices of the Peace, *c.* 76, § 11, provides, that when any action of trespass shall be brought before any Justice of the Peace, and the defendant shall plead the general issue, he shall not be allowed to offer any evidence that may bring the title of real estate in question. In the case of *Hodgdon* v. *Foster,* 9 *Greenl.* 113, it was decided, that so much of the statute of 1821, as requires a special plea of title, was repealed by the statute of 1831, *ch.* 514, abolishing special pleading; and that the jurisdiction of the justice would be superseded by filing a plea of the general issue accompanied by a brief statement, in accordance with the provisions of the statute of 1831, claiming title. Such brief statement having the effect of a special plea of title, the absence of it leaves the case before the magistrate subject to the operation of the clause recited from the eleventh section of the statute of 1821; as it was manifestly the intention of the legislature, that the magistrates should not decide upon the title to real estate. The design of the statute abolishing

special pleading, was not to alter the rights of parties, but to act upon the forms of proceeding by which those rights were to be presented for decision. In this case, there being no claim of title put in before the magistrate, he heard the case upon the merits, and the appeal only carried up the case as it was presented before him. To have allowed the question of title to have been made above, would have been to substitute a new controversy after the appeal; and there can be no doubt, that the brief statement, proposing to do it, was properly rejected. It appears from the bill of exceptions, that although the brief statement was rejected, the defendants were permitted " to go into evidence in the same manner as if a brief statement claiming title" had been filed; and the evidence introduced, and instructions given, which are the other subjects of complaint, had reference to the title thus brought into contestation. As it was by favor only, that such a course was allowed, the testimony and instructions were irrelative to the issue, which could be tried as matter of right; and if any latitude was given in the testimony, or error committed in the instructions, which are not the subjects of consideration, the effect was only to qualify a favor, not to violate a right.

The exceptions are overruled, and judgment is to be entered upon the verdict.